```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
COREY SIPKIN PHOTOGRAPHY LLC,                                    :
                                                                 :
                                    Plaintiff,                   :
                                                                 :         23-cv-4754 (LJL)
            -v-                                                  :
                                                                 :         MEMORANDUM &
ABC CORP D/B/A FADEAWAY WORLD,                                   :         ORDER
                                                                 :
                                    Defendant.                   :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/17/2023

LEWIS J. LIMAN, United States District Judge:

Plaintiff Corey Sipkin Photography LLC ("Plaintiff") moves, by letter motion and pursuant to Federal Rule of Civil Procedure 26(d)(1), for leave to conduct discovery in advance of a Rule 26(f) conference and to serve a subpoena on previously named defendant, The Arena Group Holdings, Inc. ("Arena Group"). Dkt. No. 24. No opposition has been filed.

Plaintiff is a limited liability company which owns the rights to certain photographs and licenses them for various uses including online and print publications. Dkt. No. 21 ¶ 2. It holds the copyrights to three photographs of professional basketball players which it first published on dates in March 2021, May 2021, and December 2021, respectively. *Id.* ¶¶ 15–25. All three photographs have been copied and displayed without Plaintiff's permission or authorization on a website at URL:fadeawayworld.net (the "Website"). *Id.* ¶¶ 32–47.

On June 6, 2023, Plaintiff brought suit in this Court against Arena Group, alleging that Arena Group was the registered owner and the operator of the Website and responsible for its content. Dkt. No. 1 ¶¶ 28-29. Plaintiff accused Arena Group of direct copyright infringement, in violation of 17 U.S.C. § 501 *et seq. Id.* ¶¶ 78-87. On August 25, 2023, Plaintiff submitted a proposed stipulation and order under Federal Rule of Civil Procedure 15(a)(2), permitting

Plaintiff to file a First Amended Complaint removing Arena Group as a defendant, Dkt. No. 15, and a notice of voluntary dismissal as against Arena Group, Dkt. No. 17.  Several days later, on August 29, 2023, Plaintiff filed its First Amended Complaint, naming ABC Corp. d/b/a Fadeaway World as the registered owner and the operator of the Website and responsible for its content.  Dkt. No. 21 ¶¶ 28-29.

Plaintiff now seeks leave to serve a subpoena on Arena Group for the identity of the owner and/or operator of the Website.  Dkt. No. 24 at 2.  It states that Arena Group has represented itself as a contracted publisher of the underlying web domain, providing the technology platform for the Website but not actually owning or operating it.  *Id.*  It asserts that all identifying information relevant to the specific owner and/or operator of the platform is either omitted from the Website or directs the user to the Arena Group and that it has attempted, without success, to obtain information from the Arena Group, regarding the identity of the owner/operator of the Website.  *Id.*

Under Federal Rule of Civil Procedure 26(d)(1), a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order."  Fed. R. Civ. P. 26(d)(1).  Courts grant such orders according to "a flexible standard of reasonableness and good cause."  *Strike 3 Holdings, LLC v. Doe*, 2019 WL 5459693, at *1 (S.D.N.Y. Oct. 9, 2019) (internal quotation marks omitted).  The Second Circuit has held that there are five principal factors a court should consider when deciding whether a party has established good cause for purposes of Rule 26(d)(1):

> (1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of actional harm, . . . (2) [the] specificity of the discovery request, . . . (3) the absence of alternative means to obtain the subpoenaed information, . . . (4) [the] need for the subpoenaed information to advance the claim, . . . and (5) the [objecting] party's expectation of privacy.

*Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (alteration in original) (quoting *Sony Music Ent. Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564 (S.D.N.Y. 2004)).

Plaintiff has made the necessary showing to be entitled to serve the requested subpoena on Arena Group.  To make a prima facie showing of copyright infringement, a plaintiff must allege: (1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original.  *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  Plaintiff's First Amended Complaint contains well-pleaded allegations that satisfy both elements.  *See* Dkt. No. 21 ¶¶ 16–17, 20–21, 24–25, 32–49.  Plaintiff's request is sufficiently specific as it is limited to documents and information regarding the owner/operator of the Website.  *See Strike 3 Holdings, LLC v. Doe*, 2023 WL 123205, at *2 (S.D.N.Y. Jan. 6, 2023) (subpoena for identifying information regarding defendant is sufficiently specific) (citing cases).  Plaintiff has also made a showing that it has no alternative means for obtaining the information.  Dkt. No. 24 at 2.  Finally, the information is necessary to advance Plaintiff's claim and there appears to be no expectation of privacy that the owner of the Website could have in information regarding its ownership.  Without the requested information, "the case cannot move forward."  *Strike 3 Holdings*, 2023 WL 123205, at *2.

The motion is granted limited to the service of a subpoena on Arena Group for identifying information regarding the owner/operator of the Website.

The Clerk of Court is respectfully directed to close Dkt. No. 24.

SO ORDERED.

Dated: October 17, 2023
       New York, New York

_____
              LEWIS J. LIMAN
              United States District Judge